# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MARCUS D. HARRIS**  **PLAINTIFF**
**ADC #553083**

V.  NO: 5:17-CV-00185 BSM/PSH

**ADAMS**, *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Marcus D. Harris, who is currently held at the W.C. "Dub" Brassell Adult Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Harris alleged that he was suffering retaliation for filing grievances and was not treated properly after he choked on a screw in his food. *See* Doc. No. 1. Because Harris' complaint did not allege enough facts to determine if he stated a claim for relief, the Court ordered Harris to file an amended complaint describing who he intends to sue and how he was injured by each defendant's actions. Harris was also directed to describe specific facts

showing how the defendants violated his constitutional rights. *See* Doc. No. 3. Harris subsequently filed an amended complaint (Doc. No. 7). Having reviewed the amended complaint, the undersigned finds that Harris fails to describe facts sufficient to state a claim for relief and recommends dismissal of his complaint.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Construing Harris' complaint liberally, it appears he attempts to state a First Amendment retaliation

2

claim and an Eighth Amendment deliberate-indifference claim. He also complains about a defendant's failure to follow grievance procedures and certain verbal insults.

*Harris' Complaint.* Harris makes several allegations primarily related to an incident that occurred on July 6, 2017. He alleges he began choking at last chow. Doc. No. 7 at 5. Another inmate attempted to help him, and C.O. Ford performed the Heimlich Maneuver until Harris was able to breathe again. *Id.* Harris then found a bloody screw and his gold tooth on the floor. *Id.* He was escorted to the infirmary by C.O. Ford and C.O. Alexander. *Id.* Harris claims that Alexander told him he was lying, the situation could be worse, he was not dead, and to "just let it go." *Id.* At the infirmary, Harris was examined and told to report for pill call to take pain medications. *Id.* at 6.

Harris further states that soon after his visit to the infirmary, C.O. Ford, C.O. Perez, and Nurse Turntine wrote witness statements. *Id.* (It is not clear how this relates to the rest of his complaint.) He then claims that certain correctional officers ranking from Sheriff Gerald Robinson, Chief Bolin, and Captain Adams to Deputy Taylor and C.O. Alexander have harassed him and he fears for his life. *Id.* Harris further claims that Captain Adams is not following the jail handbook or allowing him to write prison grievances. *Id.*

With respect to each individual defendant, Harris alleges the following:

- Defendant Captain Adams exercised deliberate indifference by not supervising the jail properly, did not show proper care to Harris after he choked on the screw, harassed him, and did not allow him to put in a grievance. *Id.* at 8.

- Defendant Chief Bolden exercised deliberate indifference by not supervising the jail properly, did not show proper care to Harris after he choked on the screw, and did

3

not show concern for Harris' pain and suffering after he choked on the screw. *Id.* at 8.

- Defendant Sheriff Gerald Robinson exercised deliberate indifference by not answering Harris' grievance; did not show concern for Harris' pain and suffering after he choked on the screw; and failed to protect Harris or give him the proper treatment. *Id.* at 9.

- Defendant Jane or John Doe, Head Cook at the Dub Brassell Detention Center, exercised deliberate indifference by not supervising the kitchen which caused a screw to be in Harris' food. *Id.* at 9.

- Defendant Sergeant Alexander exercised deliberate indifference by telling Harris he was lying, that he was not dead, it could have been worse and to just let it go while taking him to the infirmary, and by showing no concern for his health or his diet trays. *Id.* at 9.

- Defendant Sergeant Taylor exercised deliberate indifference by cursing him out all the time and making him take the wrong diet trays. (Harris explains that he is allergic to tomatoes, but Taylor made him take food trays with tomato paste instead of sending them back and bringing a correct tray.) *Id.* at 10.

***Harassment & Retaliation.*** Harris' original complaint used the word "retaliation" and implied that he was alleging retaliation for filing grievances. To succeed on a retaliation claim, Harris must prove that: (1) he engaged in protected activity; (2) defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was the actual motivating factor for the

4

adverse action. *See Lewis v. Jacks,* 486 F.3d 1026, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). The writing of a grievance is protected activity. *See Lewis v. Jacks*, 486 F. 3d at 1029.

Although Harris' complaint alluded to retaliation for writing grievances, Harris provided no specific information as to why he was retaliated against or how he was retaliated against. In his amended complaint, Harris complains that after the choking incident and his visit to the infirmary, multiple officers began to harass him "to the point of where I fear for my life." *Id.* at 6. This is a serious allegation,[1] but Harris provides no facts to support it. He does not describe what defendants did to him or why he feared for his life. While the Court construes pro se complaints liberally, *see Estelle v. Gamble,* 429 U.S. 97 (1976), such complaints must allege sufficient facts to support the claims advanced. *See, e.g., Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).[2] Harris was ordered to amend

---

[1] The Eighth Circuit Court of Appeals has held:

> We have long held that "a threat of retaliation is sufficient injury if made in retaliation for an inmate's use of prison grievance procedures" to sustain a claim of First Amendment retaliation. *Burgess v. Moore,* 39 F.3d 216, 218 (8th Cir. 1994). This is true especially when the threats are ones of death or serious harm to an inmate's safety. *See, e.g., Burton v. Livingston,* 791 F.2d 97, 100–01 (8th Cir. 1986) (holding that allegations that a prison guard retaliated against a prisoner by terrorizing him with threats of death, if proved, would constitute a violation of the prisoner's First Amendment rights); *Cooper v. Schriro,* 189 F.3d 781, 784 (8th Cir. 1999) (per curiam) (holding that threats to an inmate's safety after his use of the prison grievance system supported a retaliation claim).

*Santiago v. Blair*, 707 F.3d 984, 992 (8th Cir. 2013).

[2] In *Stone v. Harry*, the Eighth Circuit explained:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the

5

his complaint to describe how defendants violated his constitutional rights, and he failed to describe any facts to support his claim that he was the victim of retaliation. Therefore, the Court finds he fails to state a retaliation claim.

*Deliberate Indifference.* Harris claims the defendants were deliberately indifferent to his needs in several ways. He alleges deliberate indifference on the part of Captain Adams and Chief Bolden for not properly supervising the jail. Harris implies the lack of supervision led to a screw in his food. Likewise, he alleges the cook (John or Jane Doe) failed to supervise the kitchen staff resulting in a screw in his food. Harris also claims that Sergeant Alexander and Sergeant Taylor were indifferent to his tomato allergy.

To state a deliberate-indifference claim, Harris must allege that he was incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825 (1994). He must also show that officers "both knew of and disregarded an excessive risk to [his] health and safety." *Holden v. Hirner,* 663 F.3d 326, 341 (8th Cir. 2011). Deliberately indifferent conduct is "akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). Furthermore, supervisors cannot be held liable for constitutional violations of those they supervise based solely on their role as supervisors. *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009); *Parrish v. Ball,* 594

---

layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

364 F.3d at 915.

F.3d 993, 1001 (8th Cir. 2010). A prison supervisor can be held liable on a failure to supervise claim only if the prisoner supervisor: "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) that such failure proximately caused the injury." *Parrish*, 594 F.3d at 1002. Harris does not describe any prior incidents of objects found in food and does not allege that the defendants were aware of any risk of objects falling or being placed into the prisoners' food. Accordingly, he fails to allege any facts to support a deliberate-indifference claim with respect to the screw in his food.

With respect to Harris' claims against Sergeant Alexander and Sergeant Taylor, Harris does not allege that these defendants were aware of a substantial risk to his health if he were exposed to tomatoes on his food trays. He also does not allege he suffered any injury as a result of his exposure to tomatoes on his food tray. Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages). The Court finds Harris does not state a deliberate-indifference claim with respect to defendants Alexander and Taylor.

Finally, the Court notes that Harris references some continued medical problems and the defendants' lack of concern for his pain and suffering following the choking

7

incident, but he does not sue the medical staff or claim that he received inadequate medical treatment. Further, Harris alleges that C.O. Ford administered the Heimlich Maneuver, that he was taken to the infirmary, and that he was told to come to pill call for pain medications. Accordingly, by his own admission, his medical issues were treated.

*Grievance Procedure.* Harris complains that Captain Adams did not follow the jail handbook with respect to the grievance procedure and that Sheriff Robinson did not answer a grievance he filed. Inmates do not have a constitutionally protected right to a grievance procedure. *See McClinton v. Arkansas Dep't of Corr.,* 166 F. App'x 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996)); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). "'[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'" *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982)). Accordingly, Harris' claims against Captain Adams and Sheriff Robinson regarding grievances are not actionable under section 1983.

*Verbal Insults.* Verbal insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992). The only exception to this rule is when a verbal threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986). Harris' allegations that he was cursed out and that he was told to "just get over it" after his

8

choking incident do not approach this threshold and do not support an actionable 1983 claim.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Harris' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 25th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE